I'm being harassed up here. I need counsel. Age discrimination. Okay. Mr. Fishel. May it please the Court, James Fishel. I'd like to reserve four minutes, please. We have a situation in this case. The BART trains are a unique conveyance. There is not a conveyance like the BART trains anywhere in the country. What makes them unique is their rapid rate of acceleration. They accelerate at the rate of three miles per hour per second. And when you say that, what does that mean? Well, that means in ten seconds, you're going 30 miles an hour. In 20 seconds, you're going 60 miles an hour. There's no other system in the country that has this rapid of a rate of acceleration. Further complicating this for BART's riders is the fact that the trains lurch. BART has known that the trains lurch, it seems, since the beginning of the BART system. The ITER case makes it very clear. The BART officials know that the BART trains lurch. The lurch is part of the design, is BART's defense here. They say, we know it lurches, but the design is for them to lurch. Now, BART submitted evidence to the court, the district court, that the design was reasonable, that the design of the lurching was reasonable. What BART did not submit any evidence on, and they did not prove, they did not offer a shred of evidence on the fact that the ‑‑ it was reasonable to not provide a single warning, provide any warnings at all, as to the lurching. Can I get a clarification of what your argument is? You say that BART is unique in the rate of acceleration plus the lurch. Yes, Your Honor. Okay. But you just then said there's evidence that that's the way it was designed. And so you are not, as I understand it, challenging the fact that BART has this mode of operation. Your focus is on whether they should provide warnings and seating and whatever else to accommodate or to address these unique characteristics. That's precisely it, Your Honor. I'm not finding issue with the design itself. I'm finding issue with the fact that they do not warn their passengers about the design. In the ‑‑ this was an appellant's request for judicial notice, item 10. And it's called their safety brochure, safety on BART. And it lists four pages, I'm sorry, eight pages of safety-related items. There's ‑‑ of this, there is about a quarter of the page that deals with on the train. It says on the train, don't lean on the doors, don't bring flammable liquids. When entering and exiting, watch your step. They tell you that there's a gap of three inches in between the train and the platform. They say intercoms are located on the train. They say take time to review the emergency procedures. Make a note of location of the intercoms. How they can, in their safety brochure, not make mention of the fact that BART trains accelerate rapidly and passengers should be prepared for this rapid acceleration and how they can not make mention of the fact that BART ‑‑ part of the design of BART trains is that the BART trains will lurch on acceleration. How can that not be there? There is not a reasonable government body confronted with the issue of the train lurching and the rapid acceleration who could find that that warning shouldn't be there, at least in this ‑‑ in the pamphlet. It should also probably be part of the normal discourse of BART. They warned about the ‑‑ If I were to look at the record on summary judgment, where would I find any of that? Your Honor, the district court prevented Plaintiff from any meaningful discovery. Well, okay. Wait a second. Let's just take it a step at a time. Yes, Your Honor. If I were to look in the record on summary judgment, would I find any of that there? It was in the complaints, Your Honor. Yeah. It was ‑‑ The brochure? I'm sorry? The brochure you're reading from? No, Your Honor. The brochure was not in the complaint.  And it's not in the record on summary judgment either? That's correct, Your Honor. Okay. So ‑‑ Well, it is ‑‑ I attempted in discovery, Your Honor. I sent requests for admission to BART. That ‑‑ those requests for admission were part of the record before the district court. I specifically asked questions in the request for admission. And the district court said, look, you can ask interrogatories and you can take three depositions, is my recollection. Sure. And I don't recall that any of that was done. The ‑‑ the interrogatories were stricken. The requests for production of documents were stricken. The district court then ultimately said no discovery. The district court allowed BART to continue discovery, but they ‑‑ the district court put a complete hold on discovery for plaintiff. Okay. The district court said no discovery. The court's correct. At one point the court did allow for some discovery, but then the court cut that and said, no, the BART can continue to have discovery, but plaintiff cannot.  And this is a ‑‑ Now, you obviously have this brochure, which you regard as important. Yes, Your Honor. That you got wholly apart from any discovery. Yes, Your Honor. So that could have been put in as part of the record in opposition to BART's motion for summary judgment, but I don't find it. So I don't understand how at this point we have any ability to say the summary judgment was inappropriate, because it appears to be on the record that it was adduced. Your Honor, the situation we have, though, is one where discovery is so far curtailed, and this brochure was obtained after the summary judgment was obtained. I went down to the station. The summary judgment was short of a shock to me. And if the Court would look at the summary judgment order from the Court, what the summary judgment order says, Your Honor, is the record is ‑‑ this is on page 9 of the Court's order. The record is clear that any dangers associated with BART dwell times, acceleration rates, are visible to any person using a BART train with due care. There is no evidence of that fact at all. The Court cites the Cosellard declaration. Cosellard doesn't say anything like that. There is no evidence that these perils are visible. The Court found it, but had no evidence to show that these perils or dangers are at all visible. I would like to reserve. I'm sorry, Your Honor. Sotomayor, Mr. Stilson. Good morning, Your Honor. May it please the Court. My name is Guy Stilson. I'm with the law firm of Lobahl and Lynch. We represent the defendant and respondent, Bay Area Rapid Transit System ‑‑ sorry, Rapid Transit District in this matter. I would like to take a few moments to respond to the points that have been offered by opposing counsel. With regard to the alleged lack of warning, there was, in fact, evidence in the record in the Cosellard declaration regarding the chime when the doors close, the flashing red light when the doors close. Also, the Seagrave declaration, which had photographs of the interior of the car in all the opportunity for the plaintiff in this matter to have grabbed a handhold before the BART train started up. With regard to the issues of discovery, in late September, there was indeed an order from the Court allowing 35 interrogatories, 35 requests for production, and three depositions. That opportunity was not taken advantage of by the plaintiff in the action. We have no reason why that was not done. There was a further opportunity under Rule 56F. That opportunity was not appropriately used, and accordingly, the attempt at a request for Rule 56F discovery was denied. Counsel has made reference to a request for judicial notice. We have opposed that request for the very reasons that I believe the Court has in mind, which are those items were not before the district court. The information regarding this brochure was not provided to the district court. As far as I know, it could have been obtained very easily were that information to, in fact, be important on this map. Counsel claims that the BART trains are unique due to a high level of acceleration. I'm not aware of evidence in the record that the level of acceleration is high compared to other similar systems. In fact, the Coastal Art Declaration indicates that everything having to do with the BART trains and their acceleration is within industry standards. Within what? Industry standards. Okay. There are many other issues. I guess that's not inconsistent with there being at the outer limit and everybody else below the outer limit. That is, if industry standard is 1 to 3 miles and BART is the only one that's gone to 3 and everybody else in the industry is at 2. I suppose that's possible, yes. Yeah. But that's not affirmatively disclosed in the record one way or the other? No, it is not, Your Honor. Okay. There are so many other issues I could touch on, but unless you have specific questions, I would rather not burden the Court with that. I don't think so.  Thank you, Your Honor. Mr. Fishel. Your Honor, the Coastal Art Declaration states that it's based on streetcar studies concerning the effect of acceleration and jerk. What does this declaration, paragraph 12, say? Paragraph 12 says it's with an audible chime. Yeah. That's what she cites it for. Yes, Your Honor. Trains alert passengers to the imminent departure of the train by flashing a warning light and sounding an audible chime prior to closure of the train door. Isn't that what it says? Your Honor, that's what it says. Yes, Your Honor. Well, you said it didn't. You said that she cited it and didn't say what it says. If I said that, Your Honor, I misspoke. I apologize. I didn't mean to misspeak. The streetcar studies, obviously, the streetcars weren't accelerating at the same type of acceleration rate that these BART trains were accelerating. So what evidence did you put in to show that this is a unique, high-incident acceleration with a unique degree of lurch? Your Honor, the district court thwarted my efforts to answer the question. Okay. So the answer is no, and the answer is no answers because of the discovery problems of Mr. Rotterda. Yes, Your Honor. Okay. Thank you. Also, with respect to the complaints, we tried to, as the Court, I'm sure, is aware, we tried to dismiss the ADA claims. We filed a third or attempted to file a third amended complaint. That third amended complaint was filed before BART filed their answer to the second amended complaint. The applicable Federal rules of procedure allow an amendment to a pleading at any time prior to the answer. The answer was not on file, yet the clerk rejected the pleading. The – I realize my time's up. I – I – Just finish your thought. Yes, Your Honor. The – I'm sorry, Your Honor, I'll – I'll – That's okay. Your Honor, this is a case where fairness and – fairness does indeed dictate reversal and remand. We have also precedent dictates reversal and remand here, Your Honor. To allow this – this summary judgment to stand is – is an affront to justice when we have a situation where there is clear evidence of the – the BART – the dangers posed by this – by these excessive speeds and the failure to warn at all, Your Honors. Thank you. All right. Thank you very much. The argument – the matter just argued will be submitted. Thank you.
judges: Thompson, Rymer, Fisher